UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KERRY A. FRANKS,

        Plaintiff,

    v.

CIVIGENICS, INC., a corporation doing business in Washington,

        Defendant.

Case No. C05-5637RJB

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

    This matter comes before the court on the plaintiff's Motion to Remand to Pierce County Superior Court (Dkt. 7). The court has reviewed the motion, the response, and the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    On July 1, 2005, the plaintiff filed suit in Pierce County Superior Court for wrongful discharge. Dkt. 1-2 at 5-7. The suit named CiviGenics, Inc. as defendant, a private corporation headquartered in Massachusetts. Dkt. 1-1 at 2. On September 16, 2005, the plaintiff amended the complaint, re-characterizing her claims as breach of contract, breach of promise of specific treatment in a specific situation, promissory estoppel, violation of public policy, and negligence. Dkt. 1-2 at 12.

    On September 29, 2005, the defendant removed the suit to federal court on the basis of diversity jurisdiction. Dkt. 1-1 at 2. The defendant also based removal upon federal question jurisdiction, contending that the plaintiff's suit raised a federal question by asserting that the public policy of the Family and Medical Leave Act, 29 U.S.C. 2611, had been violated. Dkt. 1-1 at 2-3.

ORDER - 1

1  The plaintiff now moves to remand the case to state court, contending that the notice of
2  removal was untimely and that the complaint does not state a "claim" arising under the Family and
3  Medical Leave Act but merely refers to the Act as an example of the public policy the defendant
4  allegedly violated. Dkt. 7. The plaintiff also contends that "in the interest of economy and
5  efficiency, plaintiff is prepared to strike its [the complaint's] sole reference to the Family and
6  Medical Leave Act." Dkt. 7 at 5 n.2.

7  In its response, the defendant contends that the notice of removal was timely, that the case
8  meets the requirements for diversity jurisdiction, and that the case "will require resolution of
9  substantial questions of federal law, including whether Congress intended to clearly mandate a
10 public policy when enacting the FMLA that could form a basis for plaintiff's claim." Dkt. 9 at 4.
11 The defendant also contends that it would not oppose the motion to remand if the plaintiff agreed
12 to file an amended complaint striking all references to the Family and Medical Leave Act but has
13 received no response from the plaintiff to this offer. Dkt. 9 at 4.

14 The court conferred, by conference call, with counsel for both parties; and counsel for the
15 plaintiff stated that the plaintiff was no longer amenable to removing the reference to the Family
16 and Medical Leave Act from the complaint.

**II. DISCUSSION**

**A. DIVERSITY JURISDICTION**

19 This court has original jurisdiction over all cases where the amount in controversy exceeds
20 $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332. The parties
21 acknowledge that they are citizens of different states and that the matter in controversy exceeds
22 $75,000. *See, e.g.*, Dkt. 7 at 4, Dkt. 9 at 3. The plaintiff contends that the notice of removal, filed
23 on September 29, was untimely because it was not filed within thirty days of the defendant's
24 receipt of the initial complaint. The defendant contends that the thirty day time limit did not
25 commence until the filing of the amended complaint on September 16 because the complaint was
26 legally deficient. Dkt. 9 at 2.

27 The procedure for removal to federal court is set forth in 28 U.S.C. § 1446 as follows:
28 The notice of removal of a civil action or proceeding shall be filed within thirty days after
   the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

ORDER - 2

setting forth the claim for relief upon which such action or proceeding is based . . . .

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Whether the court should grant the motion therefore turns in part upon whether the "case stated by the initial pleading [was] removable."

The relevant paragraphs of the initial and amended complaints state as follows:

1.1 At all times relevant hereto, Plaintiff was a resident of Pierce County, and employed by the defendant Civigenics.

1.2 The defendant Civigenics is a private corporation, headquartered in Massachusetts, and maintains an office in, and conducts business within, Pierce County Washington.

Dkt. 1-2 at 5, 12. The plaintiff contends that this language put the defendant on notice that diversity jurisdiction was present.

The time limit for removal commences only when the initial pleading affirmatively reveals that the case is removable on its face, irrespective of subjective knowledge. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). There is no duty to make a further inquiry into whether the case is removable. *Id.* The defendant does not contend that the initial complaint was insufficient notice that the parties were diverse but instead contends that the initial complaint was legally deficient as a whole and therefore cannot justify commencing the time limit for removal. *See* Dkt. 9 at 2 ("Because plaintiff's July 1, 2005, Complaint was legally deficient, the time for filing a notice of removal did not begin running on that date. Rather the time for filing a notice of removal began running on September 16, 2005, when plaintiff first filed a legally sufficient complaint."). The language employed by the plaintiff in both the initial and amended complaint was sufficient to apprise the defendant of the basis for jurisdiction, notwithstanding the complaint's other legal inadequacies. The court should therefore hold that the time limit for removal commenced with the defendant's receipt of the initial complaint and that the notice of removal on the basis of diversity jurisdiction was untimely.

**B. FEDERAL QUESTION JURISDICTION**

Notwithstanding the court's finding that the notice of removal was untimely with respect to diversity jurisdiction, the motion should be granted only if the removal on the basis of federal

ORDER - 3

1 question jurisdiction was also untimely or if the court lacks federal question jurisdiction. This
2 court has original jurisdiction over all cases arising under the Constitution, laws, or treaties of the
3 United States. 28 U.S.C. § 1331. The plaintiff contends that this case does not present a federal
4 question because she has not brought a "claim" under the Family and Medical Leave Act, as
5 contended by the defendant. Dkt. 7 at 4, Dkt. 9 at 4.

6     As a threshold matter, the parties do not appear to dispute whether removal on the basis
7 of federal question jurisdiction was timely. Reference to the Family and Medical Leave Act first
8 appeared in the amended complaint, which was filed on September 16, 2005, and the defendant
9 filed notice of removal on September 29.

10     Under Article III, federal courts may assert jurisdiction over federal questions, extending
11 to all cases "arising under this Constitution, the Laws of the United States, and Treaties made, or
12 which shall be made, under their Authority." U.S. Const. Art. III, § 2. Merely a federal ingredient
13 may satisfy the requirements of Article III, but jurisdiction under 28 U.S.C. § 1331 requires more,
14 even though the same language ("arising under") appears in both provisions. *Verlinden B.V. v.*
15 *Central Bank of Nigeria*, 461 U.S. 480, 494-95 (1983). The well-pleaded complaint rule provides
16 that removal is proper only where the *complaint* demonstrates that the case "arises under" federal
17 law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). In
18 other words, a right created by the Constitution or the laws of the United states must be an
19 essential element of the plaintiff's cause of action. *Id.* at 10.

20     The well-pleaded complaint rule, "for reasons involving perhaps more history than logic,"
21 *Franchise Tax Bd.*, 463 U.S. at 4, makes the plaintiff the master of her claims; she can avoid
22 federal jurisdiction merely through exclusive reliance on state law. *Ethridge v. Harbor House*
23 *Restaurant*, 861 F.2d 1389, 1394 (9th Cir. 1988).

24     Reading the "essential element" requirement in conjunction with the well-pleaded
25 complaint rule, remand of this case would be inappropriate. In making a claim for wrongful
26 discharge in violation of public policy, the plaintiff was entitled to refer to only state laws creating
27 or illustrating the public policy at issue. Rather than relying solely upon Washington's laws against
28 discrimination, the plaintiff amended the complaint to add a reference to the Family and Medical

ORDER - 4

1 Leave Act and is unwilling to remove this reference. *See, e.g., Griffith v. Boise Cascade, Inc.*,
2 111 Wn. App. 436, 444-45 (2002). This reference makes the policy of the Family and Medical
3 Leave Act an essential element of the plaintiff's claim of wrongful discharge in violation of public
4 policy. The court should therefore hold that removal on the basis of federal question jurisdiction
5 was proper and deny the motion to remand.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiff's Motion to Remand to Pierce County Superior Court (Dkt. 7) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 29th day of November, 2005.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 5