UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KERRY A. FRANKS,<br><br>           Plaintiff,<br><br>    v.<br><br>CIVIGENICS, INC., a corporation doing business in Washington,<br><br>           Defendant. | Case No.  C05-5637RJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM |

This matter comes before the Court on the Defendant's Motion for Issuance of Subpoenas Duces Tecum. Dkt. 29-1. The Court has considered the pleadings filed in support of the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 1, 2005, Plaintiff filed suit in Pierce County Superior Court for wrongful discharge. Dkt. 1-2 at 5-7. The suit named CiviGenics, Inc. as Defendant, a private corporation headquartered in Massachusetts. Dkt. 1-1 at 2. According to her Complaint, Plaintiff became employed by CiviGenics as a Chemical Dependency Professional ("CDP") for the Washington Department of Corrections in April 2002. Dkt. 1-2, at 13. Plaintiff alleges CiviGenics fired her from her position as a CDP after she disclosed that she needed to take a leave of absence in order to receive treatment for prescription drug dependence. *Id*. at 14. On September 16, 2005, Plaintiff amended the complaint, re-characterizing her claims as breach of contract, breach of promise of specific treatment in a specific situation, promissory estoppel, violation of public policy, and negligence. *Id*. at 12. Plaintiff seeks monetary compensation for economic and non-

ORDER - 1

1  economic damages, including emotional distress. *Id*. at 16-19.

2  Defendant removed the suit to federal court on the basis of diversity jurisdiction on
3  September 29, 2005. Dkt. 1-1 at 2. Plaintiff's motion for remand was denied. Dkt. 12.
4  Defendant moves for issuance of a subpoenas duces tecum to Puget Sound Behavioral Health,
5  Lakeside-Milam Recovery Center, Residence XII for Women, Sundown Ranch, Swedish Medical
6  Center, and Laureen Light, Ph.D. "requiring the production of Plaintiff Kerry A. Franks' complete
7  records, including records related to her substance abuse therapy." Dkt. 29-1. Defendant argues
8  Plaintiff's employment was governed, in part, by Washington State Department of Corrections
9  Policy 207, which requires that "[t]o become and remain a CDP within DOC, a person shall . . .
10 have no history of alcohol or other drug misuse for a period of three years prior to employment as
11 a CD Counselor." Dkt. 29-1, at 2. Defendant states it has records that indicate Plaintiff has a
12 previously undisclosed history of substance abuse. *Id*., at 3. Defendant argue that the
13 information is relevant because Plaintiff's substance abuse, recent relapse and treatment bear on
14 her employment and termination. *Id.* Defendant additionally argues that the information is
15 relevant due to Plaintiff's claims of emotional distress damages. *Id*. Plaintiff opposes the motion
16 and argues that she was fired for chemical dependency while a CDP, and not for having a history
17 of substance abuse. Dkt. 31. In its reply, Defendant argues Plaintiff's response should be stricken
18 as it was not timely served. Dkt. 32-1. Defendant argues that its motion should be granted
19 because the information sought is essential to its defense and cannot be obtained by other means.
20 *Id*.

## II. DISCUSSION

Fed. R. Civ. Pro. 26 (b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to Fed. R. Civ. Pro. 45(a)(2)(C), a subpoena may be issued for "production and

ORDER - 2

1  inspection" . . . "from the court for the district where the production or inspection is to be made."

2  Defendant's motion should be granted, in part.  Medical records addressing Plaintiff's
3  mental health are relevant to her claims for emotional distress.  Medical records addressing
4  Plaintiff's substance abuse for three years prior to her employment as a CDP are related to
5  Plaintiff's termination, and are therefore relevant.  This information is not likely obtainable from
6  other sources.  However, Defendant should not be able to discover medical records that are not
7  relevant.  Accordingly, the subpoenas should cover records regarding Plaintiff's mental health
8  history for the last ten years, and substance abuse history for the three years prior to her April
9  2002 employment as CDP.

## III. ORDER

11  Therefore, it is hereby **ORDERED** that:

12  Defendant's Motion for Issuance of Subpoenas Duces Tecum (Dkt. 29-1) is **GRANTED**
13  **IN PART AND DENIED IN PART** as follows:  Subpoenas Duces Tecum may issue for
14  Plaintiff's medical records of substance abuse history, if any, from and after April of 1999, and for
15  her mental health history, if any, from and after April 1996.  Defendant's motion is otherwise
16  denied.  Counsel should meet, confer, and agree on the forms of the Subpoenas Duces Tecum to
17  issue.

18  Provided however, if a protective order regarding such records is desired, counsel should
19  meet and confer on that subject, and either submit an agreed order or arrange for a conference call
20  with the Court on that subject.

21  The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel
22  of record and to any party appearing *pro se* at said party's last known address.

23  DATED this 10th day of August, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 3