UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KERRY A. FRANKS,<br><br>            Plaintiff,<br><br>      v.<br><br>CIVIGENICS, INC., a corporation doing business in Washington,<br><br>            Defendant. | Case No.  C05-5637RJB<br><br>ORDER DENYING SECOND STIPULATED MOTION TO CONTINUE TRIAL DATE AND ENTER AMENDED CASE SCHEDULE |

This matter comes before the Court on the Parties' Second Stipulated Motion to Continue Trial Date and Enter Amended Case Schedule. Dkt. 42-2. The Court has considered the pleadings filed in support of the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 1, 2005, Plaintiff filed suit in Pierce County Superior Court for wrongful discharge. Dkt. 1-2 at 5-7. The suit named CiviGenics, Inc. as Defendant, a private corporation headquartered in Massachusetts. Dkt. 1-1 at 2. According to her Complaint, Plaintiff became employed by CiviGenics as a Chemical Dependency Professional ("CDP") for the Washington Department of Corrections in April 2002. Dkt. 1-2, at 13. Plaintiff alleges CiviGenics fired her from her position as a CDP after she disclosed that she needed to take a leave of absence in order to receive treatment for prescription drug dependence. *Id.* at 14. On September 16, 2005, Plaintiff amended the complaint, re-characterizing her claims as breach of contract, breach of promise of specific treatment in a specific situation, promissory estoppel, violation of public

ORDER - 1

1  policy, and negligence. *Id*. at 12. Plaintiff seeks monetary compensation for economic and non-
2  economic damages, including emotional distress. *Id*. at 16-19.
3        Defendant removed the suit to federal court on the basis of diversity jurisdiction on
4  September 29, 2005. Dkt. 1-1 at 2. Plaintiff's motion for remand was denied. Dkt. 12.
5        On August 10, 2006, Defendant's motion for issuance of a subpoenas duces tecum, to
6  various health care providers, was granted in part. Dkt. 35. The order stated, "Subpoenas Duces
7  Tecum may issue for Plaintiff's medical records of substance abuse history, if any, from and after
8  April of 1999, and for her mental health history, if any, from and after April 1996." *Id.* On
9  August 21, 2006, parties' Stipulated Motion to Continue the Trial and Enter Amended Case
10 Schedule was granted, continuing the trial date from November 27, 2006 to February 5, 2007.
11 Dkt. 37.
12       Parties now move for a second continuance of the trial date due to a delay Defendant is
13 experiencing in obtaining Plaintiff's medical records. Dkt. 41-1. Parties express concern that they
14 will not be prepared for trial on February 5, 2007, and move for a new trial date of March 26,
15 2007. *Id*.

## II. DISCUSSION

17       Local Fed. R. Civ. Pro. 10 (g) provides:

> If a stipulation or agreed motion would alter dates or schedules previously set by
> the court, the parties shall clearly state the reasons justifying the proposed change.
> Such stipulations or agreed motions should rarely be necessary and are disfavored
> by the court.

21       Parties' motion for a continuance should be denied. Parties have already been granted a
22 continuance in order to complete this discovery. Dkt. 37. This matter has been pending for over
23 a year. The date parties request is no longer available.

ORDER - 2

### III. ORDER

Therefore, it is hereby **ORDERED** that the Second Stipulated Motion to Continue Trial Date and Enter Amended Case Schedule (Dkt. 42-2) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of October, 2006.

Robert J. Bryan
United States District Judge

ORDER - 3